CYNTHIA CRYSTAL DALLINGER, a Minor, by David Dallinger, Parent and Next of Kin, Plaintiff-Appellant, v. MARTHA C. ABEL, as Trustee, Defendant-Appellee.

Third District   No. 3—89—0545

Opinion filed July 6, 1990.

Kerry R. Cordis, of Princeville, and Michael E. Brandt, of Peoria, for appellant.

Black, Black & Brown, of Washington (Kenneth L. Black, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Cynthia Crystal Dallinger, a minor, by her parent and next of kin David F. Dallinger, brought this action against the defendant, Martha C. Abel, as trustee of a certain trust established by Paul R. Dallinger. The plaintiff sought a declaratory judgment and an accounting. The circuit court denied the plaintiff's motion for summary judgment, granted the defendant's motion for summary judgment on the count of the complaint seeking a declaratory judgment, and dismissed the count of the complaint seeking an accounting. The plaintiff appeals all these rulings. We reverse and remand.

Paul R. Dallinger (settlor) executed a declaration of trust on November 15, 1978. The eleventh and final article of that instrument stated:

"I reserve the right from time to time during my life so long as I own the entire interest in the trust to amend or revoke this agreement; but in the event a Participating Trust Certificate is held by anyone other than myself, any amendment of this agreement shall require the unanimous consent of each beneficiary."

On November 30, 1978, before any participating trust certificates had been issued, the settlor executed an amendment to the declaration of trust. That amendment changed only the fourth article of the declaration of trust, explicitly leaving all other provisions in full force and effect. As amended, the fourth article in relevant part stated:

"Upon my death:

    A. The trustee shall make the payments provided in subparagraph B of this paragraph and shall divide the remaining principal and any accrued or undistributed income of the trust into equal shares, one share for each grandchild of mine who survives me and one share for the descendants who survive me of each grandchild of mine who predecease [*sic*] me."

From time to time starting in December 1978, the settlor distributed participating trust certificates to the three daughters of the settlor's daughter, Martha C. Abel. On October 9, 1981, the plaintiff was born, the fourth grandchild of the settlor. In January 1982, the settlor distributed more participating trust certificates to his three granddaughters by his daughter (hereinafter the favored grandchildren).

On March 26, 1982, the settlor executed an instrument entitled "Second Amendment to Declaration of Trust," which purported to amend the settlor's declaration of trust of November 15, 1978, as amended November 30, 1978. That instrument purported to amend only the fourth article, by substituting the names of the favored grandchildren in place of the more general language, "each grandchild of mine," and making slight changes in language to accommodate the new arrangement. The settlor at no time obtained the consent of any of his grandchildren to amend the terms of the trust.

From time to time from January 1983 to January 1986 the settlor continued giving participating trust certificates to the favored grandchildren, and also gave some to Martha C. Abel. At no time did the settlor give any participating trust certificates to the plaintiff. The settlor died on May 6, 1986.

The circuit court construed the word "beneficiary" in the eleventh article of the declaration of trust to mean any holder of a participating trust certificate. While the plaintiff disputed this issue in the circuit court, she has conceded the point on appeal. The issue left for us to resolve is whether the instrument executed by the settlor on March 26, 1982, validly amended the terms of the trust, despite the fact that the holders of the participating trust certificates outstanding at that time did not consent to that amendment.

■ It is elementary that if the method of exercising a power of modification is described in the trust instrument, the power can be asserted only in that manner. (*Parish v. Parish* (1963), 29 Ill. 2d 141, 149, 193 N.E.2d 761, 766.) In *Williams v. Springfield Marine Bank* (1985), 131 Ill. App. 3d 417, 475 N.E.2d 1122, this rule was applied where the trust instrument permitted amendment by the settlors, the appellate court holding that an attempted amendment by only one

settlor, after the other had died, was invalid. In *Northwestern University v. McLoraine* (1982), 108 Ill. App. 3d 310, 438 N.E.2d 1369, this rule was applied where the settlor had neglected to follow the terms of the trust which required for an amendment only that the settlor put the amendment in writing, sign it, and deliver it to the trustees during the settlor's lifetime. The Restatement (Second) of Trusts contains the following comment that is on point:

> "If the settlor reserves a power to modify the trust only with the consent of one or more of the beneficiaries, or of the trustee, or of a third person, he cannot modify the trust without such consent." Restatement (Second) of Trusts §331, Explanatory Notes, comment *e*, at 144 (1959).

The defendant argues that this rule of law must "yield to reason," and that this court ought to fashion an exception to it in this case. The defendant seeks to distinguish cases employing this rule of law as involving some measure of uncertainty as to the settlor's intent, whereas the intent of the settlor in this case was clearly to have the trust benefit only the favored grandchildren, to the exclusion of the plaintiff. The defendant argues that since the instrument of March 26, 1982, would have amended the terms of the trust in a manner clearly beneficial to the favored grandchildren, the only holders of participating trust certificates at that time, their act of consenting to the proposed amendment would have been a mere technicality and a ceremonial act, and so should not be required.

Both the defendant and the circuit court cited *Bieley v. Bieley* (Fla. Dist. Ct. App. 1981), 398 So. 2d 932, for the reasoning therein. However, that case differed from the instant case in significant respects. It involved the question of whether in a divorce proceeding a trial court could amend the terms of an irrevocable trust, the income beneficiary of which was a child of the divorcing couple, where the amendment diminished the couple's reversionary interest in the corpus of the trust in order to provide for the child's educational expenses. The district court of appeal of Florida stated in that opinion that since the child was to be benefited by the amendment ordered by the lower court, the child's consent to the amendment was not required. The instant case does not involve any court action to amend the terms of the trust. The instant case does not involve the settlor giving up privileges or rights in the trust. The instant case involves a party, other than the settlor, whose interest in the trust would be diminished by the amendment. The two cases are simply not comparable.

The defendant cites a number of other cases from other States to

bolster her position. None of those cases is sufficiently similar to the instant case to be of help here. Almost all of those cases involve situations where the settlors of trusts sought to relinquish reversionary interests or other rights or privileges they had under the trusts. Against the charge that the settlors could not do that without the consent of the beneficiaries, the courts upheld the settlors' actions. Such cases are easily distinguishable from the instant case.

■ Where the terms of a trust require someone to consent to amendment of those terms, to excuse the lack of that consent simply on the basis that the person whose consent is required would derive benefit from the amendment would create enormous potential for abuse. We shall not inquire into a settlor's purpose in requiring someone's consent to a trust's amendment. Whatever might have been the settlor's purpose in requiring such consent is beside the point: so long as the settlor required such consent, such consent will be required by the law. Therefore, we hold that the instrument of March 26, 1982, was ineffective in amending the trust since the holders of the participating trust certificates never consented to the amendment.

Accordingly, we reverse the summary judgment in favor of the defendant, we reverse the dismissal of the accounting count of the complaint, we reverse the denial of the plaintiff's motion for summary judgment as regards the declaratory judgment count of the complaint, we vacate the denial of the plaintiff's motion for summary judgment as regards the accounting count of the complaint, and we remand this cause for further proceedings not inconsistent with this disposition.

Reversed and remanded.

HEIPLE, P.J., and SCOTT, J., concur.